1
2
3
4
5                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
6   MAJACQUE SHANTA BUSCH,
7                   Plaintiff,                CASE NO. 2:22-CV-01316-BJR-DWC
8          v.                                 REPORT AND RECOMMENDATION
                                              Noting Date: May 26, 2023
9   KING COUNTY CORRECTIONAL
    FACILITY,
10
                    Defendant.
11

12   Plaintiff Majacque Shanta Busch, proceeding *pro se* and *in forma pauperis*, filed this

13   civil rights complaint under 42 U.S.C. § 1983. The Court determined Plaintiff failed to state a

14   claim upon which relief can be granted in both his Complaint and Amended Complaint, but

15   provided Plaintiff with leave to file a second amended complaint. Dkts. 6, 7, 14, 15. On April 17,

16   2023, Plaintiff filed a Second Amended Complaint. Dkt. 16. The Court has considered Plaintiff's

17   Second Amended Complaint and concludes Plaintiff has not stated a claim upon which relief can

18   be granted. Accordingly, the Court recommends this case be dismissed without prejudice for

19   failure to state a claim.

20   **I.      Background**

21   Plaintiff, who is incarcerated at the King County Correctional Facility ("KCCF"), alleges

22   he was administered three times the metformin than was prescribed by Defendant Contessa

23   Valdez. Dkt 16. He asserts that he was "technically poisoned." *Id*. at 5.

24

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff, a pretrial detainee, alleges he was denied adequate medical treatment. Dkt. 16. A pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have

REPORT AND RECOMMENDATION - 2

1  appreciated the high degree of risk involved—making the consequences of the defendant's
2  conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's
3  injuries." *Id.* at 1125.

4        In the Second Amended Complaint, Plaintiff states he was administered three times the
5  metformin than was prescribed by Defendant Valdez. Dkt. 16. Plaintiff names no other
6  defendants. It does not appear Defendant Valdez administered the metformin or was responsible
7  for the amount of metformin that was administered. *Id*. Therefore, Plaintiff has not sufficiently
8  alleged Defendant Valdez is liable under § 1983. The Second Amended Complaint lacks factual
9  allegations showing who administered the metformin and the facts surrounding the
10 administration of the excessive metformin. Without this information, Plaintiff has failed to show
11 a Fourteenth Amendment violation. As Plaintiff has not shown he suffered a violation of his
12 constitutional rights that was caused by a person acting under color of state law, he has failed to
13 state a claim upon which relief can be granted.

14     **III.   Leave to Amend**

15       The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must
16 have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they
17 cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).
18 The Court finds Plaintiff has failed to allege facts sufficient to show Defendant is liable under
19 §1983. The Court provided Plaintiff with notice of the deficiencies in his claim, but Plaintiff has
20 not cured the deficiencies. *See* Dkts. 7, 15, 16. As Plaintiff has twice been given leave to amend
21 and has been instructed regarding the deficiencies of his claim, the Court recommends Plaintiff
22 not be again given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624
23 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in
24

dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### IV. Conclusion

For the above stated reasons, the undersigned recommends Plaintiff's Third Amended Complaint be dismissed without prejudice for failure to state a claim. The Court also recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 26, 2023, as noted in the caption.

Dated this 5th day of May, 2023.

David W. Christel
Chief United States Magistrate Judge